ON APPLICATION FOR REHEARING
PER CURIAM.
In his application for rehearing, Tassin asserts (and the Commission agrees in a motion in support thereof) that we erred in stating that the Legislature enacted “R.S. 34:2471 pursuant to the constitutional authority of Const. Art. 14, Sec. 31.” We agree that we erred in using this language and further agree with the Commission’s contention that the Legislature enacted R.S. 34:2471 under the authority of Const. Art. 6, Sec. 33d, the 1960 constitutional amendment which created the Commission.
Section 33.1, in addition to creating the Commission, delegated certain listed powers and granted authority to the Legislature to “confer additional powers upon the Commission, not inconsistent with the provisions hereof.” It further authorized the Commission, with the approval of the State Bond and Tax Board, to incur debt for its lawful purposes and to issue bonds therefor in accordance with the procedure outlined in that section.
In this case we are not called upon to pass on the wisdom of the Legislature in proposing or of the voters in adopting the amendment with these pertinent provisions. We are here called upon simply to determine whether the additional power conferred by statute was “not inconsistent” with Section 33.1. If that power is in fact inconsistent, the statute is an unconstitutional extension of Section 33.1.
In our opinion this power is not inconsistent with the other powers specifically granted to the Commission when it was created. The fact that the very same power has been granted to numerous other port commissions supports this conclusion. Furthermore, Const. Art. 14, Sec. 31, as amended in 1956, clearly indicates the intention of the Legislature and the people that this particular power is a proper power for a port commission and is consistent with its other delegated powers.
We therefore believe that the authority to acquire industrial plant sites and buildings was “[an] additional [power] . . . not inconsistent with the provisions hereof,” which the Legislature could properly confer upon the Commission by statute pursuant to Const. Art. 6, Sec. 33.1.
Since we believe that the conclusion reached in our original opinion that the acquisition of industrial plant sites and buildings is a lawful purpose of the Commission, we need not grant a rehearing and accordingly deny the application.
Application denied.